### Walter Martin v. The State.

#### No. 2991. Decided October 19, 1904.

1.—**Aggravated Assault—Bill of Exception—Old and New Statutes Construed.**

Before the passage of the new law (Acts 28th Leg., p. 32), it was competent to take a bill of exception in connection with the statement of facts, and it is held that the same rule would apply, when the time for filing bills of exception was enlarged, allowing twenty days after term time, and that a bill of exception so filed and which is a part of the statement of facts and not a separate bill, is within the scope of the new statute.

2.—**Evidence—Res Gestae—Too Remote.**

Where a conversation was introduced over objection of defendant between the witness and the party assaulted with reference to the character and manner of the assault, and there is no showing as to how long before this conversation the assault occurred, but that the assaulted party had evidently walked about

one mile from the place where the assault was made upon her, the same was too remote to be admissible as res gestæ.

**3.—Same—Original Testimony—Hearsay—Res Gestae.**

A conversation between a witness and the assaulted party, defendant's wife, with reference to the particulars of the assault, had in the absence of defendant, could not be introduced over his objections, as original testimony, without regard to its being a part of the res gestæ.

Appeal from the District Court of Franklin. Tried below before Hon. P. A. Turner.

Appeal from a conviction of an aggravated assault; penalty, a fine of $25.

No statement necessary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State. This is a peculiar case. Appellant was charged of an aggravated assault, alleged to have been committed on his wife. The State introduced his wife as a witness. She testified that appellant did not assault her. The State then introduced Mrs. Gale, a neighbor, who testified that prosecutrix (appellant's wife), came to her house on the morning of the alleged assault, and told her that appellant had struck her with a piece of stove wood, and showed her the wound on her person. That she said her husband inflicted it. Whether this testimony was res gestæ of the transaction the statement of facts does not disclose. Appellant testified in his own behalf. He denied in toto the assault, and testified in substance as did his wife.

There are two questions presented. First, appellant objected to the testimony of Mrs. Gale, because it was hearsay; but he did not reserve a bill of exceptions. The statement of facts shows, however, that he did except to this testimony on this ground. Appellant obtained an order allowing him twenty days in which to file statement of facts and bills of exceptions. The question is, under the statute of the last Legislature, premitting bills of exception to be filed twenty days after adjournment of the court, does it authorize the reserving of exception to the admission of testimony, when noted in the statement of facts filed after adjournment, but within the twenty days allowed by law. This question has not been decided by this court; and the State here asks the court to pass upon this statute in this regard.

HENDERSON, JUDGE.—Appellant was convicted of a misdemeanor. During the progress of the trial appellant reserved the following bill of exceptions, which appears in the statement of facts, and is a part thereof. When the witness Mrs. Talbot Gill was on the stand, she was asked about a conversation which occurred between Mrs. Walter Martin, wife of appellant (and who was charged with having made the assault on her, which occurred on that morning and at the home of witness, about a mile from where said assault occurred), what Mrs. Martin

should have told her on said occasion, about appellant assaulting her. To which the witness replied, "She told me that Walter (meaning defendant) hit her with a piece of stove wood that morning. She took her dress off her shoulder and showed me the wound. The wound was about five inches long and two inches wide. It was right fresh. The skin was broken, and it was bleeding. Blood had run through her dress. She said that Walter wanted a clean shirt that morning; that she had washed the shirt the evening before, and it was not dry that morning, and he got mad and hit her with a piece of stove wood." This was objected to by defendant on the ground that it was hearsay. The State suggests, in reply to the appellant's contention, that this bill of exceptions was filed after term time, although within twenty days allowed for filing bills of exception authorized by the 28th Legislature; (see acts 28th Leg. p. 32) yet the same is a part of the statement of facts and not a separate bill of exceptions, and the statute contemplates a separate bill. We do not agree to this contention. Before the passage of the law above referred to, it was competent to take a bill of exceptions in connection with the statement of facts. It seems to us, that the same rule would apply, when the time for filing bills of exceptions was enlarged. The language of the statute is broad enough to apply to this view. It is also suggested that this evidence might be res gestæ, as the witness stated appellant's wife was excited and she was crying and the wound was fresh. The particular time when the alleged assault is said to have occurred is not shown in the bill of exceptions, but the bill of exceptions shows, that appellant's wife had evidently walked about a mile from appellant's home, where the testimony shows the offense occurred. We think enough is disclosed to indicate, that it was too remote to constitute the testimony a part of the res gestæ. Besides, it appears to have been introduced as original testimony, without regard to its being a part of the res gestæ. We do not think that the evidence was admissible. This is the only testimony in the case that inculpates appellant in the alleged assault on his wife. They both denied that any assault was committed. Because there is no legal testimony supporting the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.